190 So. 275

## STINSON v. STATE.

### 4 Div. 36.

Supreme Court of Alabama.

June 29, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

ANDERSON, Chief Justice.

There seems to have been some irregularity in the venire and there was an effort to correct same. As to this question we need not decide, as this cause must be reversed upon another ground herein discussed, and the error as to the venire need not arise upon another trial.

The State offered much evidence of the homicide and that the defendant was the aggressor and that the deceased was not, and was making no hostile demonstration when shot by the defendant. In rebuttal the defendant offered evidence to the effect that the deceased was approaching him with a drawn knife when the defendant shot him. The evidence also showed that a knife was found at or near the spot where deceased fell and some of it tended to show that said knife belonged to the deceased. In fact, the ownership of the knife so found was not seriously controverted, but, when said knife was offered in evidence, the trial court sustained the State's objection thereto upon the idea that the evidence did not identify the knife offered as the same one found. In this, we think the trial court committed reversible error for, while the evidence as to the identity was not as positive as it might have been, it was sufficient to make it admissible for the consideration of the jury.

Sparks testified: "I am the police officer here in town. * * * I went out there. They had already moved the body when I got there. I found the knife there on the ground. The knife you have there is about the sized knife it was but I couldn't say if that is the knife."

William Stinson testified: "Fletcher (who was the deceased) said, 'I told you to get away from here and if you don't I will kill you,' and he jumped off the porch then. He had his knife. Yes, that is the knife he had. If it isn't it is one just like it. * * * Yes, that is the knife. I have seen it before. * * * The little blade was broke out of it and I know that is the same knife."

There was no other reversible error in the rulings on the evidence.

The defendant's refused charges were manifestly bad or covered by the oral charge of the court.

For the error pointed out, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.